**BILLY J. WILLIAMS, OSB # 901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 727-1010
Facsimile: (503) 727-1117
sean.martin@usdoj.gov
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **BARK,** *et al.*, | |
|     Plaintiffs, | **Case No. 3:13-cv-00828-AA** |
| v. | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| **LISA NORTHROP,** *et al.*, | |
|     Defendants, | |
| v. | |
| **RLK AND COMPANY,** an Oregon company, | |
|     Defendant-Intervenor. | |

With reference to their pending bill of costs (ECF 234), Defendants provide notice of the attached supplemental authority. This supplemental authority is this Court's order, dated May 30, 2018, granting the government's bill of costs in another environmental-law action brought against a federal land management agency under the Administrative Procedure Act.

Respectfully submitted this 30th day of May, 2018.

        BILLY J. WILLIAMS
        United States Attorney
        District of Oregon

        *s/ Sean E. Martin*
        SEAN E. MARTIN
        Assistant U.S. Attorney
         of Attorneys for Defendants

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASS'N,

        Plaintiff,

v.

BRENDAN CAIN, Burns District Manager, BLM, et al.,

        Defendants,

and

HARNEY COUNTY,

        Defendant-Intervenor-
        Cross-Claimant.

No. 3:09-cv-369-PK

**ORDER**

**PAPAK, J.**

    Plaintiff Oregon Natural Desert Association (ONDA) sought judicial review of two final agency decisions concerning motorized travel in the Steens Mountain Cooperative Management and Protection Area. I have granted BLM's motion for summary judgment and denied summary judgment motions filed by ONDA and Harney County. *Oregon Natural Desert Ass'n v. Cain*, 292 F. Supp. 3d 1119 (D. Or. 2018).

    BLM now files a Bill of Costs. For the following reasons, I grant the Bill of Costs in

Page -1- ORDER

the amount of $4,937.99.

## BACKGROUND

BLM seeks a total of $4,917.99 for formatting and preparing the Administrative Record (AR). Of that total amount, BLM seeks $3,036.83 in costs for formatting and preparing the initial AR, comprising 13,479 pages, for the BLM's challenged 2007 Steens Travel Management Plan (TMP) decision and the Interior Board of Land Appeals' challenged 2009 decision. Martin Decl. ¶ 2, ECF No. 332. BLM also seeks $1,888.16 in costs for formatting and preparing a second AR, comprising 22,350 pages, for the Interior Board of Land Appeals' 2014 decision on remand from this court. Martin Decl. ¶ 3. BLM states that it is declining to seek costs for the AR relating to its challenged 2015 Comprehensive Recreation Plan decision. Martin Decl. ¶ 4. BLM also seeks $20 for docket fees under 28 U.S.C. § 1923.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 54(d), "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005). Under 28 U.S.C. § 1920, the court may tax as costs (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters.

There is a presumption in favor of awarding costs to the prevailing party. *See Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 592-93 (9th Cir. 2000). The losing party has the burden of showing why the court should not award costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). If a district court denies costs to the prevailing party, the court "must explain why so that the appellate court will be able to determine

Page -2- ORDER

whether or not the trial court abused its discretion . . . [and] explain why a case is not ordinary." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (quotation marks and citation omitted). On the other hand, the district court "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Id.* at 946.

## DISCUSSION

### I. Should the Court Award Costs?

As noted, because Rule 54(d) creates a presumption that the prevailing party will be awarded costs,"'the losing party must show why costs should not be awarded.'" *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Save Our Valley*, 335 F.3d at 945). Here, ONDA contends that costs should not be taxed against it because this action has substantial public importance; the issues raised were close and difficult; the chilling effect on future similar actions; ONDA's limited financial resources; and the economic disparity between the parties.

I agree with BLM that ONDA has failed to show that costs should not be awarded. Assuming that this action was of substantial public importance, ONDA has not shown that awarding about $5,000 in costs would chill future similar actions. BLM notes that ONDA has successfully recovered attorney's fees under the Equal Access to Justice Act. Defs.' Resp. 9-10 & n.2, ECF No. 337 (citing *ONDA v. Vilsack*, No. 2:07-cv-1871-HA, ECF No. 687 (D. Or. Aug. 8, 2013) (awarding ONDA more than $1.13 million in fees and $114,000 in costs), and *ONDA v. BLM*, 223 F. Supp. 3d 1147, 1155 (D. Or. 2016) (awarding $63,000 in fees and costs)). BLM also cites publicly available financial information showing that ONDA had annual revenue of more than $1.5 million and net asserts of more than $2 million. Defs.' Resp. 10 & Ex. C. I conclude that ONDA has not shown that it would be inappropriate or inequitable to award costs to BLM.

### II. BLM's Requested Costs

BLM seeks costs for formatting and preparing the AR under § 1920(4), which allows

Page -3-  ORDER

recovery of fees for making copies when the copies are necessarily obtained for use in the case. ONDA contends that BLM has not shown why it should be awarded such costs for preparing the ARs, stating that the documents were already in electronic format as required by law. As BLM notes, however, this court has previously rejected this argument. *Western Radio Servs. Co. v. Allen*, No. 6:14-cv-747-AA, 2016 WL 684658, at *1 (D. Or. Feb. 16, 2016). Furthermore, this court has awarded costs of converting documents into usable digitial formats for judicial review. *See id.* (awarding "$3,119.62 in fees for exemplification to account for the costs of converting TIFF images into searchable PDF format, electronically Bates-stamping the PDF images, hyperlinking the PDF images to the index, editing the index, and burning the images to DVDs"); *Klamath-Siskiyou Wildlands Ctr. v. Gerritsma*, No. 1:12-cv-01166-PA, 2016 WL 5109195, at *2 (D. Or. Sept. 13, 2016), *aff'd*, 691 F. App'x 835 (9th Cir. 2017). I conclude that BLM's requested costs for formatting and preparing the AR are reasonable and justified. I also conclude that BLM is entitled to the docket fee of $20.

## CONCLUSION

Defendant BLM's Bill of Costs, ECF No. 331, is granted. Costs are taxed in the amount of $4,937.99.

IT IS SO ORDERED.

DATED this 30th day of May, 2018.

PAUL PAPAK
U.S. MAGISTRATE JUDGE