IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARK, an Oregon non-profit corporation, FRIENDS OF MOUNT HOOD, an Oregon non-profit corporation, NORTHWEST ENVIRONMENTAL DEFENSE CENTER, an Oregon non-profit corporation, and SIERRA CLUB, a California non-profit corporation, | Case No. 3:13-cv-00828-AA **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| LISA NORTHROP, Acting Forest Supervisor of the Mt. Hood National Forest, BILL WESTBROOK, Zigzag District Ranger, KENT CONNAUGHTON, Regional Forester for Region 6, and the UNITED STATES FOREST SERVICE, a federal Agency; WILLIAM STELLE, Regional Director of the West Coast Region, and the NATIONAL MARINE FISHERIES SERVICE, | |
| Defendants, | |
| RLK AND COMPANY, an Oregon corporation, | |
| Defendant-Intervenor. | |

Page 1 -- OPINION AND ORDER

AIKEN, District Judge:

Plaintiffs filed suit under the Administrative Procedures Act ("APA"), alleging violations of the National Environmental Policy Act ("NEPA"), the National Forest Management Act ("NFMA"), and the Endangered Species Act ("ESA") by federal defendants United States Forest Service ("the Forest Service") and National Marine Fisheries Service ("NMFS"). Previously, the Court denied plaintiffs' Motions for Summary Judgment and granted federal defendants' and defendant-intervenor, RLK's, Cross Motions for Summary Judgment. (docs. 192 and 230) On March 31, 2018, the Court entered a Final Judgment, formally dismissing this action. As prevailing parties, federal defendants and defendant-intervener have timely sought costs pursuant Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (docs. 233 and 234) Plaintiffs object to both Bills of Costs on the basis of individual line-items and equitable grounds. I conclude that plaintiffs have not met their burden to overcome the presumption of awarding costs to the prevailing party. Accordingly, I GRANT federal defendants costs in the amount of $7,030.41 and defendant-intervenor costs in the amount of $591.75.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). 28 U.S.C. § 1920, provides that the court may tax as costs:

    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party. *See e.g., Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion...[and] explain why a case is not ordinary." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (quotation marks and citation omitted). When exercising its discretion in to deny costs, Courts should consider the following factors: (1) whether the suit was brought in the public interest, (2) the limited financial resources of the losing party, (3) whether the suit was brought in good faith and whether the claims had merit, and (4) the chilling effect that imposing costs may have on future litigants. *Ass'n of Mex.-Am. Educators*, 231 F.3d at 591-593.

The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Id.* at 946. Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide how much to award, if anything. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

## DISCUSSION

Federal defendants seek $7030.41 on costs for exemplification fees, docket fees, and fees for formatting and producing copies of the administrative record.[1] Defendant-intervenor seeks $591.75 on costs for transcript fees, copy costs, and docket fees.[2] Plaintiff objects to all costs on multiple grounds.

The Court finds that federal defendants are entitled to fees for preparation of the administrative record. This Court has previously held that "the costs associated with the formatting and preparing of the administrative record are proper and necessarily incurred to produce electronic copies" for use in a case. *See, Western Radio Serv. Co., Inc. v. Allen*, 6:14-cv-00747-AA (D. Or. Feb. 2, 2016) (doc. 159 at *2) (citing *Oregon Wild v. U.S. Forest Serv.*, 2015 WL 6409975, at *2 (D. Or. July 31, 2015; *BARK v. Northrop*, 3:13-cv-01267-HZ (D. Or. June 23, 2014) (doc. 80 at *9). As to plaintiff's complaints about irrelevant photos being included in the record, the Court disagrees. These photographs documented restoration portions of the whole project which were at issue, and the Court reviews the record as whole when conducting agency review. Moreover, the Court finds that the scanning and copying fees disputed by plaintiff are appropriate as well. Finally, Federal defendants are entitled to recover statutory docket fees pursuant to 28 U.S.C. 1923.

As to defendant-intervenor's costs, the Court finds that the fees for transcripts are allowable and that the transcripts were necessarily obtained for use in this case. *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d at 177. Defendant intervenor is also awarded its

---

[1] Federal defendants conceded costs for transcript fees in the amount of $101.85 which are included in their bill of costs. These fees are not included in the total awarded in this Order.

[2] Defendant-intervenor conceded costs for its two *pro hac vice* application fees in the amount of $200.00. These fees are not included in the total awarded in this Order.

exemplification and copying fees, and it is entitled to recover the Statutory Docket Fee. *See* 28 U.S.C. §1923.

The Court declines to exercise its discretion to deny costs. While this case may have been brought in the public interest, "NEPA plaintiff are not immune from costs of prevailing parties." *BARK v. Northrop*, 3:13-cv-01267-HZ (D. Or. June 23, 2014) (doc. 80 at *5) And even if the case was brought in the public interest, the Court does not find that costs requested here would have a chilling effect on future litigation. Plaintiffs have brought and continue to bring similar lawsuit despite similar costs being awarded in the past. The Court does not find that the costs requested here are excessive when considered in light of the entire length and scope of this litigation. The Court does not doubt that plaintiffs brought this litigation initially in good faith, but as "most cases are required to be brought in good faith pursuant to Rule 11(b)" this alone is not a strong enough reason to overcome the presumption in favor of taxing costs. *Id.* at 7.

Having thoroughly reviewed the briefing in this matter, that Court finds that federal defendants and defendant-intervenors have sufficiently supported their costs, and the plaintiffs have failed to carry their burden to overcome the presumption in favor of awarding costs to the prevailing party.

///

///

///

///

///

///

///

## CONCLUSION

Federal defendants' Bill of Costs (doc. 234) is GRANTED. Federal defendants are awarded costs in the amount of $7,030.41. Defendant-intervenor's Bill of Costs (doc. 233) is also GRANTED. Defendant-intervenor is awarded costs in the amount of $591.75.

IT IS SO ORDERED.

Dated this 22nd day of March 2019.

*Ann Aiken*
Ann Aiken
United States District Judge